# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| ANNA IVANOVA HARTBARGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )         4:07-cv-01192-JEO |
| | ) |
| MICHAEL CHERTOFF IN HIS OFFICIAL | ) |
| CAPACITY AS SECRETARY, USDHS, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Anna Ivanova Hartbarger (hereinafter "the petitioner") has filed an "Emergency Petition for Writ of Habeas Corpus and Stay of Removal." ("Petition" (Doc. 1)). Therein, she asserts that she is "in imminent danger of being physically removed and deported from the United States" and returned to Bulgaria by Immigration and Customs Enforcement (hereinafter "ICE"). The respondents have filed a motion to dismiss the present action that includes opposition to the emergency petition. ("Opposition" (Doc. 4)).

## BACKGROUND

The petitioner arrived in Puerto Rico on board an airplane from the Dominican Republic on December 10, 2000. (Res. Ex. A).[1] At the time of her entry to the United States at the San Juan Puerto Rico International Airport, she presented a French passport in the name Anna Stefanova and requested admission into the United States as "a visitor for pleasure under the visa waiver pilot program." *Id*. Upon further inspection, it was determined that the passport had been altered. *Id*. It was also determined that the passport had been obtained from an illegal vendor for

---

[1]Respondents' exhibits are located at document 4 unless noted elsewhere.

$600.00.  The petitioner was informed that she was "inadmissible to the United States."  *Id*.  She asserted that she feared for her life and, therefore, requested asylum.  *Id*.

The petitioner was given a full hearing on her right to enter the United States and her claims to asylum, withholding of removal, and other relief.  (Pet. Ex. A;[2] Res. Ex. B).[3]  The Immigration Judge entered a lengthy opinion finding that the petitioner's testimony was not credible.  Accordingly, she denied her requests for asylum and other relief.  (Pet. Ex. A at pp. 35, 38-39).[4]

The petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA").  The BIA dismissed her appeal on October 25, 2002, due to the failure of the petitioner's counsel to file a brief or required statement.  (Res. Ex. C).

On or about November 8, 2002, the petitioner's case was reviewed by the Immigration and Customs Enforcement ("ICE") Detention and Removal Office ("DRO").  A demand for the petitioner's surrender for deportation was issued for the petitioner pursuant to the final order of the immigration court and the BIA on November 14, 2002.  (Res. Ex. D).  A letter was sent to the petitioner on November 14, 2002, informing her that she was to appear at the San Patricio Office Building in Guaynabo, Puerto Rico, for deportation on December 3, 2002, at 10:00 a.m., as required by her bond.  (Res. Ex. D).  The petitioner did not report for removal as directed.

---

[2]The petitioner's exhibits are located at document 1 unless noted elsewhere.

[3]At that hearing, she was represented by counsel of her own choosing.  (Pet. Ex. A at p. 1).

[4]The respondents correctly note that the asylum claim adjudicated by the Immigration Judge appears to have been based on religious persecution.  The asylum claim referenced the present petition is based on the contention that the petitioner is a Roma Gypsy.  (Petition (Doc. 1) at ¶ 6).  The respondents further assert that the petitioner's "burden under the Roma Gypsy designation is substantially more burdensome than under the religious designation.  *See generally, Popov v. U.S. Attorney General*, 199 Fed. Appx. 900, 2006 WL 2927506 (11th Cir. 2006) (not published); *Nedkova v. Ashcroft*, 83 Fed. Appx. 909, 2003 WL 22954296 (9th Cir. 2003) (not published). . . .  *Also see* 8 U.S.C. § 1158(a)(2)."  (Opposition at p. 3, n.2).

On June 28, 2004, a Notice to Alien Ordered Removed (Form "I-296") was issued for the petitioner pursuant to the administrative final order of the immigration court and BIA. (Res. Ex. E). The petitioner's case was referred to the DRO Fugitive Operations team in Atlanta to locate her. According to the respondents, she was taken into custody on or about June 13, 2007. (Opposition at p. 5). She is currently detained at the Etowah County detention facility at Gadsden, Alabama. (Petition at ¶ 1).

The petitioner asserts that she has a United States citizen husband whom she married in August 2002, after the Immigration Judge ordered her removal from the United States. (Petition at ¶ 5). She asserts that her husband filed a "Petition for Alien Relative" (Form "I-130") on her behalf on June 22, 2007. *Id*. at ¶ 8. She also asserts that she is seeking "political asylum based on her past persecution as a member of a particular social group in Bulgaria, namely the gypsies or Roma." *Id*. at ¶ 6. She further asserts that she is in the process of seeking to reopen her removal proceedings based on these new grounds. *Id*. at ¶¶ 6-7. Finally, she asserts that once the motion to reopen is filed with the Immigration Court, her case will not be a final action upon which a removal can be properly executed. *Id*. at ¶ 7.

The respondents assert that this court lacks jurisdiction over the present petition. (Opposition at p. 2). They also assert that the petitioner's claims fail to meet the applicable standard for injunctive relief and are insufficient as a matter of law. *Id*. Still further, they assert that even if a motion to reopen is filed with the Immigration Court, her removal will not be stayed. *Id*. at ¶ 6.

**DISCUSSION**

As of May 11, 2005, the "REAL ID Act of 2005" deprived the United States District

Courts of subject matter jurisdiction over cases in which judicial review is sought of orders

arising out of removal proceedings, including cases where the petitioner seeks a stay of removal.

8 U.S.C. § 1252.  Section 1252 unequivocally states:

> Judicial review of all questions of law and fact, including interpretation
> and application of constitutional and statutory provisions, arising from any action
> taken or proceeding brought to remove an alien from the United States under this
> subchapter shall be available only in judicial review of a final order under this
> section.  Except as otherwise provided in this section, no court shall have
> jurisdiction, by habeas corpus under section 2241 of title 28, United States Code,
> or any other habeas corpus provision, by section 1361 or 1651 of such title, or by
> any other provision of law (statutory or nonstatutory), to review such an order or
> such questions of law or fact.

8 U.S.C. § 1252(a)(9).  Additionally, the statute is clear that the only courts with subject matter

jurisdiction to review final orders are the courts of appeals.  Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory),
> including section 2241 of title 28, United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title, a petition for review filed
> with an appropriate court of appeals in accordance with this section shall be the
> sole and exclusive means for judicial review of an order of removal entered or
> issued under any provision of this Act, except as provided in subsection (e).  For
> purposes of this Act, in every provision that limits or eliminates judicial review or
> jurisdiction to review, the terms "judicial review" and "jurisdiction to review"
> include habeas corpus review pursuant to section 2241 of title 28, United States
> Code, or any other habeas corpus provision, sections 1361 and 1651 of such title,
> and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

Still further, the statute provides that except as provided by § 1252, "no court shall have

jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or

action by the Attorney General to commence proceedings, adjudicate cases, or execute removal

4

orders against any alien under this chapter." 8 U.S.C. § 1252(g).  The power to stay a removal similarly is statutorily granted to the authorized reviewing court.  *See* 8 U.S.C. § 1252(b)(3)(B).[5]

Accordingly, the undersigned agrees with the respondents and finds that this court is without subject matter jurisdiction to grant any of the relief requested by the petitioner. Specifically, the undersigned finds that this court is without jurisdiction to grant a stay of removal.

## CONCLUSION

Premised on the foregoing, this matter is due to be dismissed without prejudice to the petitioner's ability to seek relief from the appropriate court of appeals.[6]

**DONE**, this the 26th day of July, 2007.

*John E. Ott*

**JOHN E. OTT**
United States Magistrate Judge

---

[5]This provision is included in the section on the requirements for reviewing orders of removal by the appropriate "court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  *See* 8 U.S.C. § 1252(b)(2).

[6]In view of the court's finding that it lacks jurisdiction in this matter, it will pretermit any discussion of the merits of her claim for a stay of removal.